DA 11-0421

FILED

February 1 2012

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 24N

JODI M. WALKER,

     Petitioner and Appellee,

    v.

THOMAS J. TATE,

     Respondent and Appellant.

FILED

FEB 1 2012

Ed Smith
CLERK OF THE SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and For the County of Flathead, Cause No. DF 00-015C
Honorable Stewart E. Stadler, Presiding Judge

COUNSEL OF RECORD:

    For Appellant:

        Thomas J. Tate, (self-represented); Salem, Oregon

    For Appellee:

        Jodi M. Walker, (self-represented); Havre, Montana

Submitted on Briefs:  January 11, 2012

Decided:  February 1, 2012

Filed:

               Clerk

Justice Beth Baker delivered the Opinion of the Court.

¶1      Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent.  Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2      Thomas Tate appeals the District Court's order denying his request for retroactive modification of his child support obligations.  Tate and Petitioner Jodi Walker are the parents of a child born in 1999.  On October 30, 2001, the court entered an order adopting an amended final parenting plan and requiring Tate to pay $335.00 per month for child support.

¶3      On November 14, 2003, Tate filed a Petition for Modification of Child Support, claiming he could not afford the amount imposed by the court.  The handwritten petition shows "cc: Jodi Walker."  Walker did not respond to the motion and the District Court took no action.  Tate, who had moved to Oregon, did not make his support payments and ultimately came before the Marion County Circuit Court for the State of Oregon, which ordered him to pay not less than $50 per month toward his child support obligations.

¶4      On March 2, 2011, Tate filed an Amended Motion for Modification of Child support in Flathead County, along with a Motion for Release of Copies of Family Court Services File.  The court set a hearing for June 8, 2011, on Tate's motions.  By then, Tate's child support arrearage exceeded $30,000.

2

¶5 Following the hearing, the District Court ordered Tate's support obligation reduced to $50 a month until such time as he qualifies for Social Security disability payments. The court refused to make the modification retroactive to the date of Tate's 2003 motion, noting Tate had not brought the matter to the Court's attention and finding retroactive modification would be "unconscionable" since "nobody has done anything for eight years." The court did not rule on Tate's Motion for Release of Copies of Family Court Services File.

¶6 Section 40-4-208, MCA, allows a court to modify a child support order "only as to installments accruing subsequent to actual notice to the parties of the motion for modification." "Whether child support is awarded retroactively to the date of notice of a motion for modification is clearly within the discretion of the district court." *In re Marriage of Pfennigs*, 1999 MT 250, ¶ 23, 296 Mont. 242, 989 P.2d 327 (citations omitted). We will not disturb a district court's discretionary ruling unless the court "acted arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice." *In re Pfennigs*, ¶ 23.

¶7 In *In re Pfennigs*, the mother moved for modification of the father's child support obligation in November 1995 but did not actively pursue that motion until she requested a scheduling conference in December 1996. ¶ 9. The district court entered an order to modify the support effective in January 1997. *In re Pfennigs*, ¶ 10. The court provided no explanation except that the date was "fair and equitable." *In re Pfennigs*, ¶ 24. We found the court had not abused its discretion. Rather, we stated:

3

[i]t was within [mother]'s power to pursue her motion diligently. That she failed to do so, even in light of purportedly dire financial straits, cannot be blamed on the District Court or constitute a basis for determining that the court abused its discretion . . . On this record, we cannot say that the court acted arbitrarily or exceeded the bounds of reason resulting in substantial injustice in determining the retroactive date for increased child support.

*In re Pfennigs*, ¶ 26. Like the mother in *In re Pfennigs*, Tate failed adequately to pursue his motion for modification. Though Tate told the District Court he attempted to contact the clerk's office "a couple times," the court found his efforts were insufficient. We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court did not abuse its discretion in refusing to give Tate credit for letting the motion sit idle for eight years.

¶8    We affirm the District Court's modification order and remand for consideration of Tate's unrelated Motion for Release of Copies of Family Court Services File.

_____
                    Justice

We concur:

_____
              Chief Justice

_____

_____

4

_____
Justices